UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DAVID BROWN,

    Plaintiff,

v.                                    CASE NO. 3:14-cv-1222-J-34JBT

CAROLYN W. COLVIN,
Acting Commissioner of the
Social Security Administration, et al.,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**[1]

**THIS CAUSE** is before the Court on Plaintiff's Affidavit of Indigency, which the Court construes as a Motion to Proceed *In Forma Pauperis* ("Motion") (Doc. 2), and his "Memo," which the Court construes as an Amended Complaint (Doc. 13). For the reasons set forth herein, the undersigned respectfully recommends that the Motion be **DENIED** and the case be **DISMISSED without prejudice**.

**I.    Background**

On October 31, 2014, the Court entered an Order (Doc. 6) taking the Motion under advisement and requiring Plaintiff to file a proper amended complaint curing

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1); M.D. Fla. R. 6.02(a). "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).

various deficiencies specified in the Order. (*Id.*) Since then, Plaintiff has filed numerous documents, none of which comply with the Order or resemble an amended complaint. (*See* Docs. 7–13.) However, the Court construes Plaintiff's latest filing, which does not include a caption, title, or signature, as an Amended Complaint because it begins: "This memo is an attempt of the rewrote [sic] 7-7-14 attachment, filed on 10-8-14, to try to satisfy the court, 10-31-14 order by United States Magistrate Judge Joel B. Toomey."[2] (Doc. 13 at 1.) The Amended Complaint remains deficient in a number of ways.

**II.  Standard**

A court receiving an application to proceed *in forma pauperis* must dismiss the case *sua sponte* if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). An action fails to state a claim on which relief may be granted if it fails to include "a short and plain statement of the claim showing that the pleader is entitled to relief." *Harper v. Lawrence Cnty., Ala.*, 592 F.3d 1227, 1232–33 (11th Cir. 2010) (citing Fed. R. Civ. P. 8(a)(2), 12(b)(6)). To avoid a dismissal, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

---

[2] Although the undersigned may refer to additional filings for the sake of context and/or clarity, the undersigned's recommendation herein is based on a liberal construction of the allegations set forth in the Amended Complaint. However, even liberally construing all documents filed by Plaintiff together as an "amended complaint," it would still suffer the same defects discussed herein.

face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not do. *Id.*

While pleadings filed by pro se litigants are to be liberally construed and "are held to less stringent standards than formal pleadings drafted by lawyers," *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (per curiam), "[a] complaint that fails to articulate claims with sufficient clarity to allow the defendant to frame a responsive pleading constitutes a 'shotgun pleading.' . . . prohibited by Rule 8(a)(2), which requires a claim for relief to be 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Lampkin-Asam v. Volusia Cnty. Sch. Bd.*, 261 F. App'x 274, 277 (11th Cir. 2008). Therefore, even pro se complaints that are "disjointed, repetitive, disorganized and barely comprehensible" may be dismissed. *Id.* at 276.

### III. Analysis

#### A. Technical Deficiencies

Federal Rule of Civil Procedure 10(a) states that "[e]very pleading must have a caption with the court's name, a title, file number, and a Rule 7(a) designation," and "[t]he title of the complaint must name all the parties . . . ." Federal Rule of Civil Procedure 11(a) requires Plaintiff to sign his Amended Complaint and include his address, e-mail address, and telephone number. Federal Rule of Civil Procedure 10(b) requires a complaint to be broken down into "numbered paragraphs, each

limited as far as practicable to a single set of circumstances." The Middle District of Florida's Local Rules further require a complaint to be double spaced and in type no smaller than ten-point. M.D. Fla. R. 1.05(a). A complaint must also include a demand for the relief that Plaintiff hopes to obtain at the end of the litigation. Fed. R. Civ. P. 8(a). Additionally, a complaint must include a statement of the grounds for the Court's jurisdiction. *Id.*

The undersigned notes that the Amended Complaint does not appear to comply with any of the formal pleading requirements set forth above even though Plaintiff was ordered to "file an amended complaint in compliance with . . . all applicable rules and statutes." (Doc. 6 at 6.) The undersigned specifically addressed Plaintiff's failure to comply with Federal Rules 10(b) and 8(a) in its previous Order (*id.* at 2), and Plaintiff has failed to cure these deficiencies.

Although also addressed in the previous Order, the Amended Complaint remains a "shotgun pleading" that is disjointed, disorganized, and barely comprehensible. The Amended Complaint is a lengthy narrative that fails to clearly set forth what, if any, claims Plaintiff attempts to bring against which Defendants. (*See* Doc. 13.) In fact, because the Amended Complaint does not contain a title naming the defendants, it is unclear who is being sued in the Amended Complaint. (*Id.*) Additionally, the Amended Complaint incorporates by reference the numerous attachments to the initial Complaint (Doc. 1). (Doc. 13 at 5.) It appears that Plaintiff still expects the Court to look through the attachments to the initial Complaint to

piece together his claim even though he was previously warned that the Court will not do so. (Doc. 6 at 3.) The undersigned recommends that the Court need not rewrite Plaintiff's Amended Complaint for him in this manner. *See Peterson v. Atlanta Hous. Auth.*, 998 F.2d 904, 912 (11th Cir. 1993). Therefore, the undersigned recommends that dismissal on these grounds alone is appropriate.

### B.      Failure to Exhaust Administrative Remedies

Upon review of the Amended Complaint, it appears that Plaintiff is still attempting to seek review of an Administrative Law Judge's ("ALJ") decision that he is liable for repayment of overpaid social security benefits as a result of a dispute regarding his reported "household expenses." (*See* Doc. 13.) The previous Order explained that "the [initial] Complaint fails to allege that Plaintiff has exhausted his administrative remedies" because "Plaintiff has not alleged that the Appeals Council has taken any action on his request for review." (Doc. 6 at 5.) The Amended Complaint is likewise deficient.

"The exclusive jurisdictional basis for judicial review of claims arising under the Social Security Act is pursuant to 42 U.S.C. § 405(g). It is well settled that 42 U.S.C. § 405(g) authorizes judicial review only of a final decision of the Commissioner of Social Security made after a hearing." *Mans v. Soc. Sec. Admin.*, Case No. 1:11-cv-224-MP-GRJ, 2012 WL 602720, at *1 (N.D. Fla. Jan. 24, 2012) (internal quotation marks and citation omitted). "[I]f the Appeals Council grants review of a claim, then the decision that the Appeals Council issues is the Commissioner's final decision.

If the Appeals Council denies the request for review, the ALJ's opinion becomes the final decision." *Id.*

Plaintiff makes numerous references to an appeal of the ALJ's decision in his Amended Complaint. (Doc. 13 at 11 ("my appeals were still active"), 12 ("the 8-11-14 reply to the Appeals Council of appeals step-3"), 13 ("the appeals of appeals step-3, Council, . . . [is] relying on these unethical hidden things")).) Moreover, one of the attachments to the initial Complaint, incorporated by reference in the Amended Complaint, is a lengthy hand-written letter from Plaintiff addressed to the Appeals Council, which appears to be Plaintiff's filing of an appeal with the Council. (*See* Doc. 1-3.) Therefore, it appears that Plaintiff may have filed an appeal with the Appeals Council. However, the Amended Complaint does not allege that the Appeals Council has rendered a final decision regarding any such appeal.

Instead, it appears from an extraneous filing (Doc. 9) that Plaintiff believes this action is properly before this Court because a decision from the Appeals Council was not rendered "in the 60-day timeframe." (*Id.* at 1.) It appears that Plaintiff is still relying on language in the ALJ's Notice of Decision, which states that "[t]he Appeals Council may review my decision even if you do not appeal. If the Appeals Council reviews your case on its own, it will send you a notice within 60 days of the date of this notice" (Doc. 1-2). (*See* Doc. 9.) However, as explained in the previous Order, the 60 day period refers to the time in which the Appeals Council will notify a claimant if it intends to review the ALJ's decision on its own, without the claimant

filing an appeal. (Doc. 6 at 5.) The 60 day period mentioned in the Notice of Decision does not refer to the time in which the Appeals Council must render a decision after the filing of an appeal. (*Id.*)

Accordingly, to the extent Plaintiff has filed an appeal with the Appeals Council, review of the ALJ's decision by this Court is improper at this time because Plaintiff has not alleged that the Appeals Council has rendered a final decision. Moreover, to the extent Plaintiff has not properly filed an appeal with the Appeals Council, review by this Court is improper because Plaintiff has alleged that the Appeals Council did not choose to review the ALJ's decision on its own during the applicable 60 day period. (*See* Doc. 9 at 1–3.) *See Mans*, 2012 WL 602720, at *1 ("Regardless of the action taken by the Appeals Council, if a claimant fails to request review from the Appeals Council—or the Appeals Council on its own fails to review the ALJ's decision—there is no final decision and, as a result, there is no right to judicial review."). Therefore, the undersigned recommends that dismissal without prejudice of Plaintiff's claim for judicial review of the ALJ's decision is appropriate at this time.

### C. Potential *Bivens* Claim

In *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971), the United States Supreme Court held that suits for money damages against federal officers which allege violations of constitutional rights are permissible in federal court. However, "[t]he Supreme Court has declined to imply a *Bivens* remedy for

monetary damages for people improperly denied social security benefits." *Horne v. Social Sec. Admin.*, 359 F. App'x 138, 143 (11th Cir. 2010) (citing *Schweiker v. Chilicky*, 487 U.S. 412, 425–29 (1988)).

Although the allegations in the Amended Complaint are convoluted, it appears that Plaintiff may be attempting to state a *Bivens*-type claim against one or more Defendants. For example, Plaintiff alleges that the overpayment issue is a result of "retaliation" (Doc. 13 at 5, 6, 13), "negligents" [sic] (*id.* at 14, 15), and is a "scam" (*id.* at 7, 8, 9, 13). Additionally, Plaintiff attempts to allege some form of damages by stating "I can't sleep right, can't eat right, can't be with my woman right like usual, my blood pressure went from mild to moderate, my daily activities were out of sync and etc." (*Id.* at 14.) However, not only are these allegations insufficient under *Twombly* and *Iqbal*, any such claims are impermissible to the extent Plaintiff seeks money damages against employees of the Social Security Administration.

**IV.    Conclusion**

Plaintiff was previously warned that if he failed to "file an amended complaint in compliance with [the previous] Order and all applicable rules and statutes . . . . the undersigned may recommend that the District Judge deny the [Motion] and/or dismiss the Complaint." (Doc. 6 at 6.) However, Plaintiff's Amended Complaint fails to cure the deficiencies specified in the Court's previous Order and is otherwise deficient as explained herein. Because the Amended Complaint fails to state a claim on which relief may be granted and the Court lacks jurisdiction to review the

Commissioner's decision at this time, the undersigned recommends that the Motion be denied and the case be dismissed without prejudice.  *See* 28 U.S.C. § 1915(e)(2)(B).

Accordingly, it is respectfully **RECOMMENDED** that:

1. The Motion (**Doc. 2**) be **DENIED**.

2. The case be **DISMISSED without prejudice**.

3. The Clerk of the Court be directed to terminate any motions and close the file.

**DONE AND ENTERED** at Jacksonville, Florida, on December 17, 2014.

*/s/ Joel B. Toomey*
JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

Pro Se Plaintiff