**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

DAVID BROWN,

            Plaintiff,

vs.                                        Case No. 3:14-cv-1222-J-34JBT

CAROLYN W. COLVIN, Acting
Commissioner of the Social Security
Administration, et al.,

            Defendants.
_____/

## O R D E R

**THIS CAUSE** is before the Court on the Report and Recommendation (Doc. No. 14; Report) of the Honorable Joel B. Toomey, United States Magistrate Judge, entered on December 17, 2014. In the Report, Magistrate Judge Toomey recommends that Plaintiff's Affidavit of Indigency (Doc. No. 2), construed as a Motion to Proceed In Forma Pauperis, be denied, and the Amended Complaint (Doc. No. 13) be dismissed without prejudice. See Report at 9. Plaintiff filed objections to the Report on January 5, 2015, see First Objections (Doc. No. 16), and on January 7, 2015, see Second Objections (Doc. No. 17).

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Rule 72(b), Federal Rules of Civil Procedure (Rule(s)), advisory committee's note (1983); see also Macort v. Prem, Inc., 208 Fed. Appx. 781, 784-85 (11th Cir. 2006) (per curiam). Therefore, if no specific objections

to findings of facts are filed, the district court is not required to conduct a de novo review of those findings. See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993). However, the district court must review the legal conclusions in the report de novo. See Cooper-Houston v. S. Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994); United States v. Rice, No. 2:07-mc-8-FtM-29SPC, 2007 WL 1428615, at *1 (M.D. Fla. May 14, 2007); see also 28 U.S.C. § 636(b)(1).

Upon review of Report, Amended Complaint, First Objections, and Second Objections, the Court will overrule the First Objections and Second Objections, and adopt the Report to the extent that Plaintiff's Affidavit of Indigency will be denied. If Plaintiff wishes to purse this matter he can pay the filing fee of $400.00. However, he must also file a second amended complaint that addresses the deficiencies identified in the Report. The Court will defer dismissal without prejudice of this case for a period of thirty (30) days to allow Plaintiff an opportunity to decide how he wishes to proceed. If Plaintiff fails to either pay the filing fee or file a second amended complaint that adequately addresses the pleading deficiencies that the Court has repeatedly identified, this case will be dismissed without further notice.

In light of the foregoing, it is

**ORDERED**:

1. The Report and Recommendation (Doc. No. 14) is **ADOPTED, to the extent set forth below**.

2. Plaintiff's First Objections (Doc. No. 16) and Plaintiff's Second Objections (Doc. No. 17) are **OVERRULED**.

    3.     Plaintiff's Affidavit of Indigency (Doc. No. 2), which this Court construes as a Motion to Proceed In Forma Pauperis, is **DENIED**.

    4.     Plaintiff shall have up to and including **February 12, 2015**, to pay the filing fee and to file a second amended complaint that addresses the deficiencies identified in the Report. If Plaintiff fails to either pay the filing fee or file a second amended complaint that adequately addresses the pleading deficiencies that the Court has repeatedly identified, this case will be dismissed, without prejudice, without further notice.

**DONE AND ORDERED** at Jacksonville, Florida, this 12th day of January, 2015.

*[signature]*
**MARCIA MORALES HOWARD**
United States District Judge

ja

Copies to:

Counsel of Record
Pro Se Parties